UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 1:09-cr-47

        HON. JANET T. NEFF

MARK DUANE CURTIS,

        Defendant.
_____/

## MEMORANDUM OPINION and ORDER

This matter is before the Court on Defendant Mark Duane Curtis' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act (FSA), 124 Stat. 2372 (Dkt 46). A sentence modification report (SMR) was filed on June 6, 2012 (Dkt 50), to which Defendant and the government filed responses (Dkts 51, 52).

On February 11, 2009, Defendant was charged with possession with intent to distribute 50 grams or more of cocaine base and marijuana in violation of 21 U.S.C. § 841(a)(1) (Dkt 14). He pled guilty to the one-count indictment on April 9, 2009 (Dkt 23). On August 17, 2009, this Court orally sentenced Defendant to 66 months in prison (Dkt 31). On August 24, 2009, pursuant to FED. R. CRIM. P. 35(a) and in accordance with the applicable statutory mandatory minimum, 21 U.S.C. § 841(b)(1)(A), this Court resentenced Defendant to 120 months' imprisonment (Dkt 40). A Judgment was entered August 25, 2009 (Dkt 43). Defendant filed the instant motion on December 8, 2011, seeking a reduction in his sentence as provided under the crack-cocaine amendments in light of *Dorsey v. United States*, ___ U.S. ___; 132 S. Ct. 2321, 2012 WL 2344463 (June 21, 2012).

A sentence reduction under § 3582(c)(2) is not "a sentencing or resentencing proceeding." *Dillon v. United States*, ___ U.S. ___; 130 S. Ct. 2683, 2690-91 (2010). Rather, it is merely authorization by Congress to make "a limited adjustment to an otherwise final sentence ..." *Id.* "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey*, 132 S. Ct.

at 2335.

In *Dorsey*, the United States Supreme Court expressly held that the more lenient mandatory minimum penalties enacted by the FSA "apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." 132 S. Ct. at 2331. *Dorsey* does not benefit Defendant because Defendant was sentenced <u>before</u> the August 3, 2010 effective date of the FSA. *See, e.g., United States v. Jackson*, 678 F.3d 442, __ n.3, 2012 WL 1592624 (6th Cir. 2012) (Boggs, J., dissenting) (noting that the decision in *Dorsey* would not benefit Jackson, "since Jackson both committed his crime and was sentenced before the Act took effect"). In sum, Defendant's reliance on *Dorsey* is misplaced, and his argument provides no proper basis for this Court to reduce his sentence below the mandatory minimum sentence applicable at the time of his sentencing. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to reduce his sentence (Dkt 46) is DENIED.

Date: <u>July 31, 20</u>12            <u>/s/ Janet T. Neff        </u>
                                     JANET T. NEFF
                                     United States District Judge